17-1089-cv
Greene v. St. Barnabas Hospital

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand eighteen.

PRESENT:
>       ROBERT D. SACK,
>       PETER W. HALL,
>       CHRISTOPHER F. DRONEY,
>           *Circuit Judges.*

_____

Lisa Greene,

>           *Plaintiff-Appellant*,

>   v.                                                          17-1089-cv

St. Barnabas Hospital, 1199SEIU United
Healthcare Workers East,

>           *Defendant-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                 Lisa Greene, *pro se*, Myrtle Beach, South
                                         Carolina.

1

**FOR DEFENDANT-APPELLEES:**

| | |
|---|---|
| **1199SEIU UNITED HEALTHCARE WORKERS EAST** | DANA E. LOSSIA, Levy Ratner, P.C., New York, New York. |
| **ST. BARNABAS HOSPITAL** | JAMES S. FRANK, Epstein Becker & Green, P.C., New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Broderick, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Lisa Greene, proceeding *pro se*, appeals from the district court's judgment dismissing her complaint against her former employer, St. Barnabas Hospital ("the Hospital"), for firing her without cause in violation of the collective bargaining agreement ("CBA"), and her union, 1199SEIU United Healthcare Workers East ("the Union"), for breaching the duty of fair representation. She alleged the following.

The Union considered her a nuisance because her zealous advocacy on behalf of her coworkers conflicted with its desire to be more deferential to the Hospital. In November 2014, the Hospital fired her without cause in violation of the CBA. The CBA set forth a three-step grievance process, culminating in a "third step meeting" with upper management, which was typically held within one month (although it was not unheard of for the meetings to take several months to schedule). Greene filed a grievance, and the Union set up a third step meeting for February 2015. However, the Union intentionally mailed notification of the meeting to the wrong address. When Greene discovered the missed meeting, she repeatedly contacted the Union. The

Union ultimately rescheduled the meeting for October 2015. The rescheduled meeting was subsequently canceled by the Union because of a death in someone's family. That meeting had not been rescheduled as of the commencement of the lawsuit in January 2016.[1] Before the district court, Greene alleged that the delay was arbitrary and that the Union acted in bad faith. The district court dismissed Plaintiff's complaint without prejudice for failure to state a claim, reasoning that the Union's conduct was not arbitrary or in bad faith and that the claim against the Hospital also required a showing that the Union breached the duty of fair representation.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A union has a duty to represent fairly all members subject to its CBA. *Spellacy v. Airline*

---

[1] During oral argument, counsel for the Union represented that the Union remains ready and willing to schedule a third step meeting with Plaintiff. Oral Argument at 7:37, 8:30, 9:18–9:21. The Court offered to refer this matter to mediation to set the terms of the third step meeting and to defer a decision in this appeal until a step three meeting could be scheduled and accomplished. Plaintiff was also advised she could continue to pursue a decision from this Court at any time. Plaintiff declined the Union's offer to set up the third step meeting and this Court's offer of mediation, and she asked the Court to make a decision on her appeal. *Id.* at 18:28–18:40.

3

*Pilots Assoc.-Int'l*, 156 F.3d 120, 126 (2d Cir. 1998). It breaches that duty if its conduct toward a member is "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). Here, Greene argues that the district court erred because the Union's conduct was both arbitrary and in bad faith.

The district court properly concluded that the Union's actions were not arbitrary. A union's actions are arbitrary only if they are "so far outside a wide range of reasonableness as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (internal quotation marks and citation omitted). Acting negligently is not sufficient. *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010). A union may breach its duty when its delays in processing a meritorious grievance result in prejudice to the plaintiff, such as foreclosing arbitration. *Young v. United States Postal Serv.*, 907 F.2d 305, 308 (2d Cir. 1990). Here, although the delay beginning with the missed February 2015 meeting exceeded the typical one-month timeline for scheduling the third step meeting, Greene admitted that it was not unheard of for a meeting to take several months to schedule, and the Union did attempt to reschedule the meeting in October 2015. Although the delay was excessive, it was not "so far outside a wide range of reasonableness as to be irrational." *O'Neill*, 499 U.S. at 67 (internal quotation marks and citation omitted). Nor like the plaintiff in Y*oung*, Greene did not allege any incurable prejudice resulting from the delay.

Additionally, the district court properly concluded that the Union did not act in bad faith. "A union acts in bad faith when it acts with an improper intent, purpose, or motive." *Spellacy*, 156 F.3d at 126. Bad faith acts include "fraud, dishonesty, and other intentionally misleading conduct." *Id.* Tactical decisions and mere negligence do not amount to bad faith. *Barr v.*

4

*United Parcel Serv., Inc.*, 868 F.2d 36, 43–44 (2d Cir. 1989). Here, Greene alleged that the Union sent notice of the February 2015 meeting to the wrong address knowing that she did not reside at that address. This does not rise to the level of bad faith required under the standard in *Vaughn v. Air Line Pilots Assoc'n Int'l*, particularly because the Union rescheduled the meeting for October of the same year. 604 F.3d at 709–10. Furthermore, under the circumstances, the later cancellation of the October 2015 meeting because of a death of a family member constituted a reasonable decision.

We noted that the dismissal by the district court was without prejudice; thus, Greene may file a new action in the future based on additional (and sufficient) allegations of bad faith.

We have considered Greene's remaining arguments and find them to be without merit. We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5